**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frank FUZER, Defendant–Appellant.**

No. 93–1902.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 6, 1994.

Decided March 18, 1994.

**518**

Barry R. Elden, Diane L. Saltoun, Asst. U.S. Attys., Crim. Receiving, Appellate Div., Chicago, IL, Scott A. Verseman (argued), Office of U.S. Atty., Rockford, IL, for plaintiff-appellee.

Thomas J. Royce (argued), Chicago, IL, for defendant-appellant.

Before CUDAHY, COFFEY and KANNE, Circuit Judges.

COFFEY, Circuit Judge.

Frank Fuzer, a felon, was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to fifteen years' imprisonment to be followed by five years of parole (supervised release) and ordered to pay a $50 special assessment. He appeals the district court's denial of his motion to dismiss the indictment and vacate the judgment of conviction. We affirm.

## BACKGROUND

### The State Proceedings

On February 3, 1987, the Arlington Heights, Illinois, Police Department arrested Fuzer pursuant to several outstanding Illinois arrest warrants. During the arrest, the police discovered a loaded .22 caliber handgun in the right pocket of Fuzer's jacket and he was charged under section 24–1(a)(10) of chapter 38 of the Illinois code, entitled "Unlawful Use of Weapons," which prohibited the possession of a loaded firearm "in a vehicle or on or about his person within the corporate limits of a city, village, or incorporated town, except when on his land or in his own abode or fixed place of business[.]"

At the time Fuzer appeared in the Cook County Circuit Court, there were ten outstanding Illinois criminal indictments and informations pending against him as well as five separate probation violations. Pursuant to a plea agreement, the state's attorney moved to dismiss several of the charges pending against Fuzer, including the unlawful use of a weapon charge, and Fuzer pled guilty to the remaining charges, including the five probation violations, and was sentenced on July 1, 1987, to twelve years of incarceration.

### The Federal Proceedings

On January 30, 1992, a federal grand jury returned a one count indictment charging that Fuzer, a convicted felon, on February 3, 1987, knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1) when he was arrested within the corporate limits of Arlington Heights, Illinois, by the local police department. The indictment was handed down less than a week before the five year statute of limitations (18 U.S.C. § 3282) was due to expire. Fuzer moved to dismiss the indictment, arguing that the delay in bringing the indictment was prejudicial and in violation of his due process rights, stating that 1) his memory regarding the events surrounding the arrest had faded, 2) an attorney would have difficulty locating witnesses, and 3) but for the delay, he may have had an opportunity to serve the state and federal sentences concurrently. After the judge denied the motion to dismiss, a jury convicted

him of being a felon in possession of a firearm.

Fuzer moved to set aside the judgment of conviction. In addition to renewing his pre-indictment delay claim, he contended for the first time that his plea agreement with the Illinois Assistant State's Attorney "incorporated the specific promise that he would not be subjected to any additional prosecution be it State or Federal." He claimed that agents from the Bureau of Alcohol, Tobacco, and Firearms were present at his guilty plea hearing and were aware that the plea agreement allegedly prohibited federal authorities from prosecuting him for his possession of the .22 caliber handgun on February 3, 1987. Fuzer argued that "although the United States Attorney was not a party to this agreement, the [ATF] agents of the United States who were aware of the agreement put the United States on notice and bound the United States to this agreement." Fuzer has never identified the ATF agents whose alleged presence in the courtroom supposedly bound the federal government to the Illinois Assistant State's Attorney's alleged promise that Fuzer would not be prosecuted further for the events of February 3, 1987, and a review of the record fails to reveal any statement in Fuzer's plea agreement that he would not be federally prosecuted. In fact, in contrast to the defendant's position, the transcript of his 1987 guilty plea hearing sets forth that when asked whether "any promise or threat [had] been made to you to get you to make this decision to plead guilty to the charges here[,]" Fuzer replied, "No, there hasn't."

The district court denied Fuzer's motion to set aside the verdict on the basis of preindictment delay. For purposes of its decision only, the district court assumed that the State's Attorney's Office promised him that he would not be federally prosecuted. The judge ruled that even if the state prosecutor agreed that the federal government would not prosecute him, the promise was unenforceable because the respective state jurisdictions do not have the authority to bind the federal government. *United States v. Eliason*, 3 F.3d 1149, 1153 (7th Cir.1993) n. 3 (citing *United States v. Roberson*, 872 F.2d

597, 611–12 (5th Cir.), *cert. denied*, 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989)). Also for purposes of its decision, the court assumed that ATF agents were present in the courtroom during the proceedings and were aware of the alleged promise not to prosecute. Even considering all of these assumptions, the judge rejected the defendant's argument that he was entitled to relief because Fuzer had not established that the agents took any "explicit action ... which says to the defendant without the benefit of inference or implication if you do this, we will not prosecute."

## ISSUES

The issues we must decide are: 1) whether the court erroneously denied Fuzer's motion to dismiss the indictment on the grounds of delay, and 2) whether the court committed error in denying his motion to set aside the judgment on the grounds of the alleged agreement that Fuzer would not be federally prosecuted.

## DISCUSSION

Initially Fuzer contends that the government violated his due process rights by delaying his prosecution.

■ "To successfully advance a claim that pre-indictment delay violated due process, a defendant must 'prove that the delay caused actual and substantial prejudice to his or her fair trial rights and that the government delayed indictment for tactical advantage or some other impermissible reason'." *United States v. Ashford*, 924 F.2d 1416, 1419–20 (7th Cir.1991) (quoting *United States v. Chappell*, 854 F.2d 190, 195 (7th Cir.1988)). "It is the defendant's burden to prove that he was prejudiced by the delay." *Id.* "We review for abuse of discretion the court's denial of motions to dismiss" an indictment for pre-indictment delay. *United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir.1989), *cert. denied sub nom. Charley v. United States*, —— U.S. ——, 113 S.Ct. 419, 121 L.Ed.2d 342 (1992).

On appeal, Fuzer has abandoned his claim that the delay prejudiced him because of faded memory or inability to locate witness-

es; instead, his claim of prejudice arises solely from his speculative contention that if the government had prosecuted him promptly, he could have served his state and federal sentences concurrently. He further implies that the government delayed its indictment because it was dissatisfied with the twelve-year sentence he received in state court.

■ The record before us fails to demonstrate that Fuzer suffered an actual and substantial prejudice because we are aware of no case law, nor has any been provided to us, even suggesting that a felon has a right to serve his federal and state sentences concurrently. *United States v. Koller*, 956 F.2d 1408, 1415–16 (7th Cir.1992) ("Koller has no right to serve his sentences on these two different convictions, one state and one federal, concurrently, and thus, he suffered no prejudice"); *see also Sherlock*, 962 F.2d at 1354 (noting that defendant offered "no more than bare allegations that the delay deprived him of concurrent sentencing"); *United States v. Gonzalez–Sandoval*, 894 F.2d 1043, 1051 (9th Cir.1990) (rejecting defendant's claim that he would have received concurrent federal and state sentences had he been tried sooner as "entirely speculative"). Moreover, Fuzer has failed to establish that the government delayed his indictment for tactical advantage or some other impermissible reason. As we stated in *United States v. DeMichael*, 692 F.2d 1059 (1982), "under our federal system there can be simultaneous federal and State prosecutions where similar or identical offenses under the two systems of law are committed as the result of particular conduct on the part of a defendant. Moreover, there is nothing more than exercise of normal prosecutorial discretion involved if the prosecuting attorney is satisfied to drop one prosecution if an adequate result is obtained in the other, or decides to proceed in the second case of an inadequate result is obtained in the first." 692 F.2d at 1062. *See also Koller*, 956 F.2d at 1416 (noting that "[a]waiting [defendant's] release from state custody was certainly a valid reason for delay rather than a pretext for the government to intentionally gain a tactical advantage over [the defendant]"). Because Fuzer has not demonstrated that the delay caused him actual and substantial prejudice and that the

government delayed bringing the indictment to gain a tactical advantage or some other impermissible reason, we hold the court did not commit error in denying Fuzer's motion to dismiss based on pre-indictment delay.

■ Fuzer next contends that the trial judge erroneously denied his motion to vacate his conviction based on the alleged agreement that the federal government would not prosecute him for possessing a firearm on February 3, 1987. We hasten to point out that Fuzer has failed to established the existence of such an agreement, but even assuming solely for the sake of argument that he had, Fuzer's argument is not persuasive because state prosecutors cannot bind federal prosecutors without the latter's knowledge and consent. *Eliason*, 3 F.3d at 1153; *see also Staten v. Neal*, 880 F.2d 962, 966 (7th Cir.1989) ("the federal government was not bound by an agreement made by the defendant and state agents") (citing *United States v. Long*, 511 F.2d 878 (7th Cir.), *cert. denied*, 423 U.S. 895, 96 S.Ct. 196, 46 L.Ed.2d 128 (1975)).

Fuzer admits the United States Attorney was not a party to the alleged agreement that he would not be federally prosecuted, but attempts to sidestep the problem by claiming that the ATF officials acted as agents for the U.S. Attorney. Once again, we reject Fuzer's argument. Not only has Fuzer failed to establish that ATF agents knew of the alleged agreement that Fuzer would not be federally prosecuted, but he also has not identified the ATF agents, much less established that in fact there even were ATF agents present in the courtroom at the time of sentencing. Moreover, even if we were to assume (once again, solely for the sake of argument) that ATF officers were present and knew of the alleged agreement not to prosecute, Fuzer is still not entitled to have his conviction vacated because the record contains no evidence that the ATF agents promised Fuzer that he would not be prosecuted in federal court or that the ATF agents were authorized to bind the United States Attorney even if they did make such a promise. *See United States v. Streebing*, 987 F.2d 368, 372 (6th Cir.) (rule that promises

made during plea-bargaining be respected subject to condition that the agent must be authorized to make the promise), *cert. denied,* —— U.S. ——, 113 S.Ct. 2933, 124 L.Ed.2d 683 (1993); *United States v. Kettering,* 861 F.2d 675, 678 (11th Cir.1988) (plea agreement with DEA agent not enforceable when agent was not authorized by AUSA to enter agreement). Because Fuzer failed to establish that the alleged ATF agents had any authority to bind the United States Attorney or that they promised Fuzer that he would not be prosecuted in a federal forum, we hold the district court properly denied Fuzer's motion to vacate his conviction.

Finally, we address Fuzer's contention that the doctrine of "equitable immunity" entitles him to have his version of the plea agreement enforced. Although "the concept of equitable immunity is not well defined[,]" *Rowe v. Griffin,* 676 F.2d 524, 526 n. 3 (11th Cir.1982), the underlying principle is that "[w]hen [a promise of immunity] induces a defendant to ... cooperate with the government to his detriment, due process requires that the prosecutor's promise be fulfilled." *Id.* at 528. To date, this circuit has neither accepted nor rejected the doctrine of equitable immunity. *Arkebauer v. Kiley,* 985 F.2d 1351, 1359 n. 11 (7th Cir. 1993); *United States v. Eckhardt,* 843 F.2d 989, 995 (7th Cir.1988).

The facts in this record do not warrant the application of equitable immunity as requested. Fuzer has failed to establish that he was promised that he would not be federally prosecuted; without an agreement, there is nothing to enforce. Moreover, Fuzer concedes the United States Attorney's office was not a party to his plea agreement with Illinois and he has not established that the ATF officers who allegedly were present during his sentencing were acting as agents for the United States Attorney or even that they promised him anything.

Because the court did not abuse its discretion in denying Fuzer's motion to vacate his conviction, the judgment is affirmed.