UNITED STATES of America, Plaintiff–Appellee,

v.

ONE PARCEL OF REAL ESTATE LOCATED AT 25 SANDRA COURT, SANDWICH, ILLINOIS, Defendant–Appellant,

Appeal of Matthew ENOCH and Deanna Lyons, Claimants.

No. 97–2042.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 4, 1997.

Decided Jan. 30, 1998.

Cathleen Martwick, Thomas P. Walsh (argued), Office of the United States Attorney, Criminal Division, Chicago, IL, for Plaintiff–Appellee.

Fred M. Morelli, Jr. (argued), Aurora, IL, for Defendant–Appellant One Parcel of Real Estate Located at 25 Sandra Court, Sandwich, Illinois and Claimants–Appellants Matthew Enoch, Deanna Lyons.

Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

The claimants in this civil forfeiture case, Matthew Enoch and Deanna Lyons, pleaded guilty in November 1995 to Illinois charges of unlawful production of marijuana. The couple had been caught with eighty-five growing marijuana plants in their basement, as well as more than 100 grams of processed marijuana elsewhere in the house. As part of their plea agreement with the State of Illinois, Enoch and Lyons agreed to pay restitution, fines, and costs in the amount of $6,298 and to forfeit property seized during the police search of their house.

In early January 1996, the United States filed for civil forfeiture of the couple's house pursuant to 21 U.S.C. § 881(a)(7), on the ground that it had been used to commit felony drug violations.[1] Enoch and Lyons filed an answer to the government's verified complaint, certifying that they were claimants to the property.[2] In April, the United States moved for summary judgment, submitting both a memorandum of law and the statement of material facts supporting summary judgment that the district court's Rule 12(M) requires.

Enoch and Lyons responded by filing a motion to dismiss and a response to the motion for summary judgment, asserting that forfeiture would violate Eighth Amendment principles of proportionality by imposing an excessive fine, that the forfeiture violated double jeopardy principles, and that the federal government's conduct in seeking the forfeiture violated the claimants' right to due process. Enoch and Lyons did not, however, include the materials required by the district court's Rule 12(N). That rule mandated that Enoch and Lyons file a statement responding directly to each of the material facts stated in the government's Rule 12(M) filing as well as a statement of any additional facts that the

couple believed should have precluded summary judgment.

In an Order dated March 20, 1997, the district court denied the claimants' motion to dismiss and granted the United States' motion for summary judgment. The court rejected the claimants' due process argument on the ground that they had provided insufficient evidence to support it. The court also rejected the excessive fine argument because the property to be forfeited—the house-was integrally related to the drug offense, and because the claimants had not provided the court with any evidence on which a finding of disproportionality could have been based. Finally, the court rejected the claimants' double jeopardy claim, relying upon the Supreme Court's holding in *United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549. The claimants filed a timely notice of appeal in this Court. They have not, however, pressed their double jeopardy argument on appeal; that objection to forfeiture is therefore deemed waived. See, e.g., *United States v. Linnear*, 40 F.3d 215, 222 (7th Cir.1994). For the reasons stated below, we affirm the district court's judgment in favor of the United States.

## I. DUE PROCESS

The claimants argue that the federal government participated in the state's investigation and prosecution of the crime and approved the plea agreement into which the claimants entered. Having been so deeply involved in the process that produced the plea agreement, the claimants argue, the United States should be precluded from imposing any additional sanctions not contemplated in that agreement. The claimants imply that the government laid a trap for them by leading them to believe that the penalties imposed under the plea agreement

---

**1.** The statute provides, in relevant part:

(a) Subject property
The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\* \* \*

(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment. \* \* \*
21 U.S.C. § 881(a)(7) (Supp.1997).

**2.** The government mentions in its brief that Enoch and Lyons never filed an actual claim to the property, as is required by statute. The district court did not rely on this omission to defeat the couple's claim to the house, however, and neither will this Court.

were the only sanctions they would receive for their crimes, then sprang the trap by instituting this forfeiture action to take away their home.

As evidence of federal involvement in the state plea bargain, the claimants argue that a federal Drug Enforcement Agency (DEA) agent named Scott Courtney assisted the Kendall County, Illinois police in investigating the claimants' marijuana-growing activities. Based on Agent Courtney's involvement, the claimants reason that the DEA had full knowledge of their crimes at the same time that the State of Illinois did, and therefore that the United States could have commenced a criminal prosecution against them under established dual sovereignty principles. See, e.g., *Heath v. Alabama*, 474 U.S. 82, 88–89, 106 S.Ct. 433, 437–38, 88 L.Ed.2d 387. The fact that the United States did not do so, the claimants would have us believe, means that the government instead chose to "adopt" the Illinois prosecution. Having done so, the argument concludes, the United States also bound itself to the plea bargain that state prosecutors negotiated and abandoned its right to seek forfeiture of the claimants' house. Enoch and Lyons further point out that the United States filed its forfeiture action in early January 1996, just over one month after the state judgment based on the plea agreement was entered, suggesting that the government waited until the claimants were barred from retracting their plea.

■ It is certainly possible for the United States to "adopt" a state prosecution or to bind itself to the terms of a state's plea agreement. See *United States v. Fuzer*, 18 F.3d 517, 520 (7th Cir.1994). But such a commitment requires much more than the mere participation of a federal agent in a state's investigation. It requires the consent of the federal government, see *id.*, or at least that of a state officer acting as the federal government's agent, see *United States v. Long*, 511 F.2d 878, 880 (7th Cir.1975), certiorari denied, 423 U.S. 895, 96 S.Ct. 196, 46 L.Ed.2d 128.

In the face of this rather strict standard, Enoch and Lyons offer only conjecture and innuendo. Their argument proceeds as follows: The DEA agent, Courtney, assisted local police with the investigation. He must, therefore, have been privy to the plea negotiations and approved the ultimate agreement. Further, Courtney's approval of the plea bargain is sufficient to bind federal prosecutors to the implied (but never, apparently, explicit) promise that civil forfeiture would not be added on top of the fine and other state penalties imposed under the plea agreement. As a participant (through Courtney) in the state plea agreement, claimants argue, the United States was obligated to warn them that their home might be subject to forfeiture before they agreed to the plea.

The entire argument is built upon quicksand. The mere fact that a federal agent assisted in the investigation does not even begin to indicate that the United States "adopted" or otherwise bound itself to the state plea agreement. Even if state prosecutors had promised Enoch and Lyons that no penalties beyond those contained in the plea bargain would result from their transgressions, this Court's prior decisions dictate that the United States would not be bound. See *Long*, 511 F.2d at 880. Yet here the claimants do not even allege that the state made such a promise. It is possible that Enoch and Lyons were actually unaware of the possibility of forfeiture when they agreed to the plea. If that is the case, then their ignorance was the fault of the attorney who represented them at the time, not the government. Enoch and Lyons have presented no evidence suggesting a promise, either explicit or implicit, on the part of the United States. This forfeiture action, therefore, does not deny them due process of law.

## II. PROPORTIONALITY

■ Enoch and Lyons argue that forfeiture of their home is a punishment disproportionate to the crime of which they were convicted, in violation of the Excessive Fines Clause of the Eighth Amendment.[3] The Supreme Court has held that civil forfeitures

---

**3.** The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

are indeed subject to Excessive Fines analysis, but has declined to spell out the path that analysis should take. See *Austin v. United States*, 509 U.S. 602, 622–623, 113 S.Ct. 2801, 2812–13, 125 L.Ed.2d 488. In a concurring opinion, Justice Scalia argued that the sole focus of the inquiry should be upon the connection between the confiscated property and the crime committed, ignoring entirely the relation between the value of the property and the severity of the crime. See *id.* at 628, 113 S.Ct. at 2815 (Scalia, J., concurring).

In a case upon which the United States relies heavily, this Court cited with approval Justice Scalia's statement in *Austin*. See *United States v. Plescia*, 48 F.3d 1452, 1462 (7th Cir.1995), *certiorari denied*, 516 U.S. 836, 116 S.Ct. 114, 133 L.Ed.2d 66. The government argues that the *Plescia* decision adopted Justice Scalia's view as the law of this Circuit, thereby foreclosing the claimants' arguments that their crime was too minor to justify the forfeiture of their home. Such a reading, however, is far too ambitious.

In *Plescia*, immediately after quoting from Justice Scalia's *Austin* concurrence, this Court went on to compare the equity that the claimant held in the forfeited house with the magnitude of the drug crime of which he had been convicted. Because the claimant's equity in the property was only around $30,000, compared with a drug transaction involving some $50,000 in cocaine, we concluded that "the fine levied on [the claimant] in this case [was] far from an extreme example of [government forfeiture]." *Id.* The approving citation to Justice Scalia's concurring opinion, therefore, was at best an alternative holding, and more likely was merely dicta, in the classic sense that it was unnecessary to the holding in the case.

Since the Supreme Court's *Austin* decision, a number of other courts of appeals have applied the Excessive Fines Clause in the forfeiture context. Only one of those has adopted Justice Scalia's "instrumentality" approach as the sole inquiry. See *United States v. Chandler*, 36 F.3d 358, 365 (4th Cir.1994) (examining "(1) the nexus between the offense and the property and the extent of the property's role in the offense, (2) the role and culpability of the owner, and (3) the

possibility of separating offending property that can be readily separated from the remainder"), *certiorari denied*, 514 U.S. 1082, 115 S.Ct. 1792, 131 L.Ed.2d 721. At the other end of the spectrum, one Circuit has concluded that "the appropriate inquiry with respect to the Excessive Fines Clause is, and is only, a proportionality test" that compares the value of the property forfeited with the severity of the crime committed. *United States v. 427 & 429 Hall Street*, 74 F.3d 1165, 1170 (11th Cir.1996) (rejecting *Chandler* court's analysis and instrumentality test). Several courts of appeals, meanwhile, have adopted tests that combine instrumentality and proportionality inquiries. See *United States v. 6040 Wentworth Avenue South, Minneapolis, Hennepin County, Minn.*, 123 F.3d 685, 688–689 (8th Cir.1997) (applying "gross disproportionality" analysis including both proportionality and instrumentality factors); *United States v. One Parcel Property*, 106 F.3d 336, 338 (10th Cir.1997) (applying instrumentality test first, then proportionality test); *United States v. 6380 Little Canyon Road, El Dorado, Cal.*, 59 F.3d 974, 983 (9th Cir.1995) (adopting "proportionality test as a check on the instrumentality approach"); *United States v. Milbrand*, 58 F.3d 841, 847 (2d Cir.1995) (applying multi-factor analysis including both proportionality and instrumentality factors), *certiorari denied*, 516 U.S. 1182, 116 S.Ct. 1284, 134 L.Ed.2d 228; *United States v. RR # 1, Box 224, Dalton*, 14 F.3d 864, 876 (3d Cir.1994) (remanding with instructions to apply instrumentality test first, then examine proportionality). The Sixth Circuit has addressed the question but declined to adopt an approach, see *United States v. 11869 Westshore Drive*, 70 F.3d 923, 930 (6th Cir.1995), *certiorari denied*, —— U.S. ——, 117 S.Ct. 57, 136 L.Ed.2d 20, while the First, Fifth, and District of Columbia Circuits apparently have yet to consider the issue.

Given that the weight of authority among the courts of appeals strongly favors the use of both instrumentality and proportionality review in this context, we decline to give the brief statement in *Plescia* the effect the government would prefer. One can easily imagine cases in which Justice Scalia's freestand-

ing instrumentality approach could lead to results that would seem grossly unfair. On the facts of the case before us, however, it is unnecessary to resolve the exact "mix" of instrumentality and proportionality factors that courts ought to address in passing upon Excessive Fines Clause challenges to civil forfeitures. For here the claimants utterly failed in the district court to present evidence showing that the forfeiture was disproportionate to the crime they had committed. In failing to file a statement of contested facts pursuant to local Rule 12(N), Enoch and Lyons left the district court with no basis upon which to move beyond a bare instrumentality analysis.

On appeal, the claimants attempt to assert facts concerning the value of the property at issue. They tell us that the home is worth $120,000, and that a forfeiture of that size is out of proportion to the relatively minor crime of cultivating marijuana plants. The government counters that, even if it is true that the home's market value is $120,000, a bank holds a mortgage on the property on which the claimants owe more than $60,000. Enoch and Lyons, the government claims, therefore have no more than $60,000 in equity in the house. Enoch and Lyons themselves place the amount owed on the mortgage at $66,395.04 as of June 25, 1996. The claimants have produced no evidence, either in this Court or in the court below, showing that the loss of their equity in the house is disproportionate to either the value of the marijuana that they grew during the time they owned the house, see *Plescia*, 48 F.3d at 1462 (comparing value of forfeited property with value of drugs involved), or the criminal fines the United States might have exacted had it prosecuted Enoch and Lyons on feder-

al drug charges, see, e.g., *Milbrand*, 58 F.3d at 848 (comparing value of forfeited property with potential criminal fines).[4]

As the district court found, an instrumentality analysis also supports forfeiture in this case. In contrast to *Plescia*, where a single telephone call provided the primary link between the forfeited house and the drug offenses, see *Plescia*, 48 F.3d at 1462, Enoch and Lyons' entire offense of drug growing took place within their house. The home was as integral to the offense as a boat might be to the crime of importing drugs from abroad. The claimants do not seriously contest the fact that the house was intimately involved in the criminal activity.

## CONCLUSION

The claimants, Enoch and Lyons, have presented this Court with no evidence sufficient to undermine the decision of the district court. The United States in no way adopted or bound itself to the state plea agreement as the sole measure of Enoch and Lyons' punishment for their drug offense. The subsequent forfeiture of the claimants' house therefore comports with principles of due process. In addition, the claimants have not shown that the forfeiture constitutes an excessive fine in violation of the Eighth Amendment. Taking both instrumentality and proportionality into account, the forfeiture is not excessive. For these reasons, the judgment of the district court is affirmed.

---

4. Although it is impossible in this posture to account for all of the variables that would have been involved in any federal prosecution of the claimants for their marijuana growing, a cursory analysis indicates that forfeiture of $60,000 in equity is not disproportionate to the fine that might have been levied. Based upon the fact that police found 85 marijuana plants and 100 grams of marijuana in the house, Enoch and Lyons could have been held responsible for 8600 grams of marijuana. See United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c), Note (E) (treating each marijuana plant as equivalent to 100 grams of marijuana). This drug amount in turn would equate to a base offense level of 14. *Id.* § 2D1.1(c)(13). The fine range for an offense level of 14 is $4,000–$40,000 (in addition to imprisonment for a period of 15–21 months, assuming the claimants had little or no previous criminal history). *Id.* §§ 5A, 5E1.2(c)(3). Only a two-level enhancement would be required to increase the maximum fine to $50,000, while an enhancement of four levels would raise it to the full $60,000. *Id.* Even without such enhancements, however, the maximum fine of $40,000 would not render the forfeiture of the claimants' $60,000 equity interest in the house so disproportionate as to violate the Excessive Fines Clause.