**UNITED STATES of America**

v.

**300 BLUE HERON FARM LANE CHESTERTOWN, MARYLAND, WITH ALL BUILDINGS, APPURTENANCES AND IMPROVEMENTS THEREON.**

No. CIV.CCB–99–2509.

United States District Court,
D. Maryland.

Aug. 4, 2000.

Lynne A. Battaglia, U.S. Atty., Baltimore, MD, Richard Charles Kay, Office of U.S. Atty., Baltimore, MD, for Plaintiff.

John Jeffrey Ross, Law Office of John Jeffrey Ross, Annapolis, MD, for 300 Blue Heron Farm Lane.

Robert C. Bonsib, Law Office, Greenbelt, MD, for Susan Arminger Popescu.

## MEMORANDUM

BLAKE, District Judge.

In this case the government seeks to forfeit property located at 300 Blue Heron Farm Lane in Chestertown, Maryland, alleging probable cause to believe that the property is subject to forfeiture under 21 U.S.C. § 881(a)(7) because it was used, and was intended to be used, to commit, and to facilitate the commission of, a drug felony in violation of 21 U.S.C. § 841. More specifically, the government asserts that the property was used by one of its co-owners, Geoffrey Kent Armiger ("Armiger"), to grow and process a large quantity of marijuana. Now pending is the government's motion for summary judgment, which has been opposed by Armiger and by his brother and sister, the other owners of the property. For the reasons stated below, the motion will be granted in part and denied in part and an evidentiary hearing will be scheduled.

■ In a civil *in rem* forfeiture proceeding under 21 U.S.C. § 881(a)(7), the initial burden is on the government to show probable cause that the property is subject to forfeiture. *United States v. 7715 Betsy Bruce Lane*, 906 F.2d 110, 111 (4th Cir. 1990). While a criminal conviction is not required, the evidence must demonstrate "a substantial connection" between the property and the underlying criminal activity. *Id.* at 112–113. Once the government shows probable cause, the burden shifts to the claimant to show, by a preponderance of the evidence, "that the

property was not unlawfully used or that he did not know about or consent to the illegal use." *Id.* at 111.

Probable cause in this case is established by the affidavit of Maryland State Police Sergeant Joseph Ryan, and the records of the District Court of Maryland for Queen Anne's County, which contain a statement of charges against Armiger and reflect his guilty plea to the first charge, possession of marijuana. Gov't's Mot., Ex. A and B. The affidavit of Sergeant Ryan establishes that, following surveillance at the property on May 21, 1999, a state search and seizure warrant was executed, resulting in the seizure of 123 live marijuana plants growing in the ground, three pounds of processed marijuana, watering cans, pots and containers, triple beam scales, two books on growing marijuana, a leaf dryer, smoking devices, and related items. Armiger, who was observed entering "the marijuana garden" with two full watering cans and picking up one of the suspected potted marijuana plants, was advised of his rights; he told investigators that he did not sell the marijuana but only used it for medicinal purposes. *Id.*

The government obtained a seizure warrant for the property on August 13, 1999, from Magistrate Judge Daniel E. Klein, Jr., and published notice of the forfeiture as required by statute. In addition to Geoffrey Kent Armiger, co-owners Richard D. Armiger, Jr. ("Richard") and Susan Arminger Popescu ("Susan") filed claims to the property. The evidence shows that all three claimants jointly inherited the property from their father, who died in 1996. Prior to the government's seizure, they had proposed subdividing the (approximately) 100-acre parcel into a 12-acre waterfront lot, which would be Armiger's, and an 80-acre lot, which would be shared by Richard and Susan. Affs. of Susan Popescu & Richard Armiger, Jr., Attached to Claimant's Opp'n.[1]

In their response to the government's motion for summary judgment, Richard

---

1. Apparently Richard was going to buy out his sister's interest in the larger lot.

and Susan concede the existence of probable cause but assert an innocent owner defense, denying by affidavits any knowledge of or consent to their brother's marijuana cultivation. The government, in its reply, accepts their entitlement to this defense and now seeks only to forfeit Armiger's one-third share of the property. Reply at 4. Accordingly, the complaint for forfeiture will be dismissed as to Richard and Susan's two-thirds share.

As noted above, probable cause has been established by the Affidavit of Sergeant Ryan and relevant court records, and is not challenged by Armiger. Nor does he assert an innocent owner defense. He does, however, contend that forfeiture of the property would violate the Eighth Amendment's prohibition against excessive fines. This issue requires further examination.

■ In *Austin v. United States*, 509 U.S. 602, 619, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993), the Supreme Court held that the Excessive Fines Clause is applicable to civil *in rem* forfeitures of property under 21 U.S.C. § 881(a)(7), characterizing such forfeitures as punitive. The Court left to lower courts the task of developing a standard by which to judge the excessiveness of a particular forfeiture. The Fourth Circuit subsequently adopted a three-part test based on the "instrumentality" principle proposed by Justice Scalia in his concurring opinion in *Austin*, explicitly "rejecting any proportionality test." *United States v. Chandler*, 36 F.3d 358, 360, 363–64 (4th Cir.1994). The *Chandler* test requires district courts to consider

> (1) the nexus between the offense and the property and the extent of the property's role in the offense, (2) the role and culpability of the owner, and (3) the possibility of separating offending property that can readily be separated from the remainder.

**2.** In *United States v. Wild*, 47 F.3d 669, 673 n. 10, 674 (4th Cir.1995) another panel of the Fourth Circuit, recognizing that *"Chandler's* conclusion that proportionality is not to be

*Id.* at 365. It does not permit consideration of the value of the property relative to the gravity of the offense.[2]

■ As both parties in this case appear to agree, however, the *Chandler* test effectively has been overruled by the Supreme Court's recent decision in *U.S. v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). While that case involved an *in personam* criminal forfeiture of unreported currency being transported out of the United States, the Court concluded that a punitive forfeiture is a "fine" within the meaning of the Excessive Fines Clause, and "[t]he touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Id.* at 2036. While there is language in *Austin* casting doubt on the "punitive" nature of certain civil *in rem* forfeitures, the Court expressly reaffirmed its holding in *Austin*, which categorized the forfeiture of property under 21 U.S.C. § 881(a)(7) as punitive and subject to Eighth Amendment review. *Id.* at 2035 n. 6. *See also, United States v. 415 East Mitchell*, 149 F.3d 472, 477 n. 3 (6th Cir.1998)(stating confidence that *Austin's* application of Eighth Amendment review to § 881(a)(7) forfeitures remains good law). Continuing, the Court in *Bajakajian* explained

> Until today, however, we have not articulated a standard for determining whether a punitive forfeiture is constitutionally excessive. We now hold that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.

118 S.Ct. at 2036. Accordingly, I conclude that the *Bajakajian* test should be applied to the government's claim for forfeiture of Armiger's property. *See United States v.*

considered in determining whether an *in rem* forfeiture amounts to an excessive fine stands alone among the circuits," declined to apply that test to an *in personam* criminal forfeiture.

*817 N.E. 29th Dr.*, 175 F.3d 1304, 1309 (11th Cir.1999) (applying *Bajakajian* test to civil *in rem* forfeiture of home under 21 U.S.C. § 881(a)(7)).

■ Under *Bajakajian*, lower courts are to consider a number of factors in determining whether a forfeiture is grossly disproportional to the gravity of the offense and therefore unconstitutional. One of the most important is the legislative judgment about the severity of the underlying offense, as evidenced by the penalties authorized for conviction. This requires analysis of the maximums authorized under the Sentencing Guidelines, as well as the statutory penalties. *See Bajakajian*, 118 S.Ct. at 2038–39 & n. 14; *817 N.E. 29th Dr.*, 175 F.3d at 1310. Also to be considered are any other related illegal activities, the harm caused by the offense, and possibly whether full forfeiture would deprive the person of his livelihood. *Bajakajian*, 118 S.Ct. at 2037–39 & n. 15.; *but cf. 817 N.E. 29th Dr.*, 175 F.3d at 1311 (hardship to owner because of limited assets and disability not relevant to excessiveness determination).[3]

Armiger asserts that the current value of the entire property is approximately $450,000, pointing to a 1996 appraisal that valued the property at $395,000. For purposes of its motion, the government accepts that valuation, but contends that forfeiture of one-third of that amount (approximately $150,000) is not grossly disproportional to the maximum fine authorized under 21 U.S.C. § 841(b)(1)(B) for a manufacturing offense involving "100 or more marijuana plants regardless of weight," that being $2,000,000 ($4,000,000 for a person with a prior felony drug conviction). Armiger counters that the maximum fine under the Sentencing Guidelines is substantially less. Under 2D1.1(c)(12) and Note E (treating each marijuana plant as equivalent to 100 G of marijuana), a manufacturing conviction would result in a sentence at base offense level 16, for

which the fine table at 5E1.2(c) sets a range of $5,000 to $50,000. As the government points out, however, 5E1.2(c)(4) states that the maximum fine in the table does not apply if the defendant is convicted under a statute authorizing a maximum fine greater than $250,000, in which case the maximum under the Guidelines is the statutory maximum. *See 817 N.E. 29th Dr.*, 175 F.3d at 1310–11 (using statutory maximum in excessiveness analysis); *cf. United States v. 25 Sandra Court*, 135 F.3d 462, 466 n. 4 (7th Cir.1998)(using Guidelines maximum).

■ Assuming that the monetary value of the forfeiture in itself is not grossly disproportional to the maximum authorized fine, nevertheless there remain other factors as to which there is either a genuine dispute of material fact or simply insufficient information for the court to rule at this time. Most significant is Armiger's assertion, reflected in his statement to Sergeant Ryan as well as in his own affidavit, that he was not selling the marijuana, but rather using it for his own medicinal purposes. Armiger's Ex. I. Armiger has submitted letters from his physicians substantiating that he suffers from medical conditions for which the use of marijuana might be physiologically helpful. While the doctors did not prescribe marijuana for him, they attest to problems of painful peripheral neuropathy and difficulty digesting food following a 1997 liver transplant. *Id.* Exs. B–D. Consistent with his claim of personal medicinal use, Armiger pled guilty in state court only to the charge of possession; all other counts, including possession with intent to distribute, were dismissed. *Id.* Ex. G. Armiger's prior criminal history, which also may be relevant, is partially, but not fully, developed in the record. In short, there is insufficient evidence for me to determine as a matter of law the harm caused by the offense and the extent of any related ille-

---

**3.** As the government notes, there is an administrative procedure available for a claimant to seek remission or mitigation of a forfeiture based on hardship. *See 817 N.E. 29th Dr.*, 175 F.3d at 1311 n. 12; 19 U.S.C. § 1618. It is not clear whether Armiger has attempted to avail himself of these procedures.

gal activities; nor is there sufficient evidence to decide what the effect on Armiger's ability to support himself would be if his property were forfeited to the government.

Accordingly, the government's motion for summary judgment as to Armiger will be granted on the issue of probable cause but denied on the issue of the Excessive Fines Clause. An evidentiary hearing will be scheduled. With the government's agreement, the claim for forfeiture will be dismissed as to the ownership interests of Richard and Susan. A separate Order follows.

## ORDER

For the reasons stated in the foregoing Memorandum, it is hereby **Ordered** that:

1. the claim for forfeiture as to the ownership interests of Richard Armiger, Jr. and Susan Armiger Popescu is **Dismissed;**

2. the government's motion for summary judgment as to the forfeiture of the ownership interest of Geoffrey Kent Armiger is **Granted in part** and **Denied in part;**

3. an evidentiary hearing has been scheduled for **September 22, 2000** at **1:00 p.m.** in Courtroom 7D;

4. no later than **September 15, 2000** counsel shall serve on each other, with a copy to the court, a list of anticipated exhibits and witnesses, with an estimate of the time required for each witness; and

5. the Clerk shall mail copies of this Order and the accompanying Memorandum to counsel of record.