Rahman v. Holder
BIA
Vomacka, IJ
A089 114 546

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fourteen.

PRESENT:

> JON O. NEWMAN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

MAKSUDUR RAHMAN,
> *Petitioner,*

v.                                                          12-5090
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Lawrence Spivak, Jamaica, NY.

FOR RESPONDENT:             Stuart F. Delery, Assistant Attorney General; Eric

W. Marsteller, Senior Litigation Counsel; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Maksudur Rahman, a native and citizen of Bangladesh, seeks review of a November 29, 2012, decision of the BIA affirming an Immigration Judge's ("IJ") December 8, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maksudur Rahman*, No. A089 114 546 (B.I.A. Nov. 29, 2012), *aff'g* No. A089 114 546 (Immig. Ct. N.Y. City Dec. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA, and minus the arguments not adopted by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we review the agency's adverse credibility determination, minus the finding regarding Rahman's passport which

the BIA did not affirm. We review the credibility determination under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Rahman's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the inconsistencies in the applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

In making its adverse credibility determination, the agency cited several inconsistencies between Rahman's written statement and his testimony. Major inconsistencies regarding incidents in 2004, 2006, and 2008 are supported by the record as Rahman gave different dates and descriptions of the alleged incidents. Most notably, his application described 13 hours of torture occurring in 2006, while he testified that this incident occurred in 2008, just before he fled to the United States. Rahman has waived his challenge to the findings related to the 2004 incidents by failing to address them in his brief, and they stand as proper bases for the IJ's credibility determination. *Li v. Mukasey*, 529 F.3d 141, 146-47 (2d

Cir. 2008). His challenges to the 2006 and 2008 findings are addressed below. His arguments do not undermine the adverse credibility determination.

Rahman argues that the IJ described the record inaccurately. The record refutes all but one of his claims. Rahman faults the IJ for failing to question him to clarify the testimony. However, the record shows that the IJ did question Rahman about the events in Bangladesh. Rahman also states that the IJ "misstated" his testimony, by finding that his father complained to police in 2006 about mistreatment, but the police would not accept the complaint. The finding was consistent with Rahman's statement that the police did not act on his father's complaint. Similarly, Rahman asserts that the IJ "misstated" that Rahman did not report a 2006 incident to police because there was a case pending against him. However, the transcript reveals that when Rahman was asked whether he went to a police station with his father in 2006, Rahman replied: "No. I did not go because there was a case against me." Thus, the IJ did not "misstate" the testimony in the record.

Rahman also argues that the IJ should have credited his testimony that he was detained and tortured by police after a 2006 incident. However, Rahman

4

testified that he was beaten in 2006, and ran away and sought medical attention. He testified to torture only with respect to a 2008 detention. In addition, Rahman claims that the IJ ignored evidence showing that the Jatiya Samajtantril Dal ("JSD"), BNP, and Awami League ("AL") were rival political parties. However, the IJ did not question whether the BNP or AL were enemies of the JSD.

Rahman also faults the IJ for finding that he was charged criminally for incidents occurring after he fled Bangladesh. The record shows that Rahman's application is ambiguous as to when the incidents occurred that resulted in the criminal charges. Thus, the record does not support the IJ's finding that he "was charged with offenses that occurred after he had left Bangladesh." Despite this error, given the other inconsistencies cited by the IJ, as well as the lack of corroboration and Rahman's inability to provide compelling explanations for the inconsistencies, this one erroneous finding does not require remand.

Given the multiple inconsistencies between Rahman's testimony and declaration supporting his application, the agency properly considered whether there was sufficient corroborating evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Rahman does not contest the agency's finding that he failed to produce medical records or other

5

documentation. Instead, he argues that the agency should have credited his explanation that his counsel failed to advise him of the need to produce supporting evidence. Because medical records or supporting affidavits from sympathetic party members or relatives were reasonably available evidence, the IJ did not err in finding that the lack of corroboration further undermined Rahman's credibility. *Id.* at 273. And, as the IJ found, even if produced, those documents would not have resolved the inconsistencies in the record.

Rahman also argues that the agency should have credited his alleged memory loss as the reason for the inconsistencies. A "petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (internal quotation marks and citations omitted). The record reveals that Rahman provided detailed testimony regarding many incidents in Bangladesh, but when asked about specific information, he often responded: "I cannot remember" or "I cannot recollect it right now exactly." Toward the end of testimony, Rahman stated that he had a "problem with [his] brain" and could not remember certain dates. However, as the BIA ruled, absent any medical evidence or argument

before the IJ that Rahman suffered from memory problems, it cannot be said that the agency was "compelled" to credit Rahman's single statement that he had a "problem with [his] brain." *Id.*

Considering the number of inconsistencies between Rahman's testimony and declaration, which calls into question whether the alleged persecution actually occurred, and the lack of corroboration of any events, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Rahman's claims for asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We decline to reach Rahman's challenge to the denial of change of venue as he does not meaningfully raise it in his brief. *Li*, 529 F.3d at 146-47.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7