Liu v. Whitaker

BIA
Hom, IJ
A205 050 448

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand eighteen.

PRESENT:
>    John M. Walker, Jr.,
>    Robert D. Sack,
>    Reena Raggi,
>    *Circuit Judges.*

_____

BO LIU,
>    *Petitioner,*

>    v.                                          17-516
>                                                NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Thomas D. Barra, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Principal Deputy
                         Assistant Attorney General; Keith
                         I. McManus, Assistant Director;
                         Edward C. Durant, Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bo Liu, a native and citizen of the People's Republic of China, seeks review of a January 23, 2017, decision of the BIA affirming a March 11, 2016, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bo Liu,* No. A205 050 448 (B.I.A. Jan. 23, 2017), *aff'g* No. A205 050 448 (Immig. Ct. N.Y. City Mar. 11, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the timeliness and adverse credibility findings the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The only issue before us is Liu's claim that he has a well-founded fear of persecution in China on account of his participation in three pro-Falun Gong and pro-democracy protests in the United States. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008).

2

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The applicant "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng*, 528 F.3d at 143.

Liu did not assert that Chinese officials are aware of his attendance at protests in the United States. Furthermore, the agency was not compelled to conclude that Chinese officials are likely to become aware of (or be interested in) Liu's protest activities in the United States based solely on the publication of his photograph attending such protests in 2011 and 2012. *See Y.C. v. Holder*, 741 F.3d 324, 334, 336-37 (2d Cir. 2013). Indeed, we have rejected as "most unlikely" the suggestion "that the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online" and found speculative claims that the Chinese government may discover a few articles or pictures published on the internet years earlier. *See id.* at 334 (citing *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam)

("In the absence of solid support in the record . . ., [an applicant's] fear is speculative at best")).

Because Liu failed to satisfy his burden of proof that Chinese authorities are aware, or likely to become aware, of his participation in protests, the agency did not err in concluding that he failed to establish a well-founded fear of persecution. *See Hongsheng Leng*, 528 F.3d at 142-43. That finding was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4