[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/21/99
THOMAS  K. KAHN
CLERK

No. 96-4035

D. C. Docket No. 95-6013-CV-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

817 N.E. 29th DRIVE, WILTON MANORS, FLORIDA,
together with all improvements, fixtures, furnishings and
equipment thereon and therein, and all rents and profits
derived therefrom,

Defendant,

CHARLES R. HOWERIN,

Claimant-Appellant.

No. 96-4092

D.C. Docket No. 95-6013-CV-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

817 N.E. 29th DRIVE, WILTON MANORS,
FLORIDA, together with all improvements,
fixtures, furnishings and equipment thereon

and therein, and all rents and profits derived
therefrom;

Defendant,

CHARLES R. HOWERIN,

Claimant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(May 21, 1999)**

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

TJOFLAT, Circuit Judge:

These appeals arise out of the Government's attempt to obtain forfeiture of two parcels of land. The claimant, Charles Howerin, resisted the forfeiture. The district court split the difference and ordered forfeiture of one of the two parcels. The parties' appeals of that decision force us to confront two relatively uncharted areas of forfeiture law: (1) the appropriate definition of "property" under the relevant forfeiture statute, and (2) when a forfeiture constitutes an excessive fine in violation of the Eighth Amendment. Based on our resolution of those issues, we conclude that the Government is entitled to both parcels.

I.

Charles Howerin was arrested by city police in October 1991 for selling cocaine out of his home in Wilton Manors, Florida. He was convicted in Florida court on drug possession and trafficking charges. Subsequent to the state conviction, the United States brought an in rem

action against Howerin's property seeking forfeiture pursuant to 21 U.S.C. § 881(a)(7) (1994).[1] Howerin filed a claim of ownership on the property, and then answered the Government's complaint. See Supplemental Rule for Certain Admiralty and Maritime Claims C(6).[2] His main defenses were as follows: (1) The defendant property consists of two parcels of land ("Lot 1" and "Lot 56"), and only one of the parcels (Lot 56) was used for criminal activity and thus only that parcel is subject to forfeiture; (2) the forfeiture of property valued at nearly $70,000 for drug sales totaling only $3,250 constitutes an excessive fine in violation of the Eighth Amendment; and (3) an action for the forfeiture of his property, after having been tried on the underlying drug offenses in state court, would constitute double jeopardy in violation of the Fifth Amendment.

The Government moved for summary judgment. The district court granted the motion as to Lot 56, but held that the Government had not shown a substantial connection between Lot 1 and the criminal activity and therefore denied the motion as to that parcel. After a bench trial, the district court again held that the Government had not shown the necessary connection between Lot 1 and the criminal activity, and entered final judgment in favor of Howerin. Both parties appeal.

II.

---

[1] Section 881(a)(7) states that any real property that is used to facilitate the commission of a drug offense is subject to forfeiture to the United States.

[2] The procedure for in rem forfeiture actions under 21 U.S.C. § 881 is set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims. See 21 U.S.C. § 881(b).

2

We begin with the Government's appeal. The Government argues that Lot 1 and Lot 56 were a single piece of property, and thus the entire property should have been forfeited. We agree.

The dispute in this case centers on the proper interpretation of 21 U.S.C. § 881(a)(7), which states that "[a]ll real property . . . which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter" shall be subject to forfeiture. The Government contends that the word "property" in the statute should be defined by reference to the deed used to convey the land to the owner. Thus, if a given area of land is used to facilitate the commission of a drug crime, forfeiture should be granted as to all of the land included in the deed conveying that area of land. Howerin contends that "property" should be defined by reference to descriptions in local land records. Thus, if a given area of land is used to facilitate the commission of a drug crime, forfeiture should be granted as to all of the land included in the descriptive unit (for example, a lot in a subdivision) containing that area of land.

Each side has cases from other circuits that support its position. The Government's position is supported by the Fourth and Eighth Circuits.[3] See United States v. Bieri, 21 F.3d 819, 824 (8th Cir. 1994) (holding that the deed, and not the historical description of the land, determines what land constitutes the forfeitable "property"); United States v. Reynolds, 856 F.2d

_____

[3] Other circuits have reached similar, but distinguishable, conclusions. See United States v. Smith, 966 F.2d 1045, 1053-54 (6th Cir. 1992) (using deed to define "property" in 21 U.S.C. § 853(a)(2), a criminal forfeiture statute); see also United States v. Plat 20, Lot 17, 960 F.2d 200, 205-06 (1st Cir. 1992) (holding that, for purposes of initial seizure warrant in forfeiture action, the Government may seize land according to the description contained in the deed). The Ninth Circuit has stated that the deed presumptively defines the property to be seized, but that other evidence, including descriptions in local land records, may rebut that presumption. See United States v. 6380 Little Canyon Rd., 59 F.3d 974, 986 n.15 (9th Cir. 1995).

675, 677 (4th Cir. 1988) (holding that scope of property subject to forfeiture is defined by "the instrument creating an interest in the property").  Howerin's position is supported by the Second Circuit.  See United States v. 19 & 25 Castle St., 31 F.3d 35, 41 (2d Cir. 1994) (holding that "parcels of property separately described in the local land records, whether or not conveyed to an owner by a single instrument, should be considered separately for forfeiture purposes" except in certain unusual circumstances).

The question is one of first impression in this court.[4]  We feel that the technical approaches offered by the parties, although they have the advantage of ease of application, are unjustly arbitrary.  Under either approach, two identical pieces of land would be treated very differently under forfeiture law depending on the timing of the conveyance or the lines on a subdivision map.  Furthermore, each of these approaches encourages opportunistic behavior by drug dealers – a sophisticated dealer could either purchase his land in numerous small parcels or seek to purchase land in areas with small lot divisions.

We instead conclude that the definition of "property" under 21 U.S.C. § 881(a)(7) must be determined on a case-by-case basis.  Specifically, the court must examine the character of the land on which the criminal activity took place, and determine whether all of the land sought by the Government can be considered to be of that same character.  For instance, if the Government seeks forfeiture of farmland used for growing marijuana, it may acquire all of the land that can

---

[4] We addressed a similar question in United States v. 3097 S.W. 111th Ave., 921 F.2d 1551, 1556-57 (11th Cir. 1991).  In that case, however, the definition of the relevant "property" was not in dispute; the claimant simply contended that not all of the property should be subject to forfeiture.  Specifically, because the drug transaction forming the basis for the forfeiture took place in the driveway of the claimant's residence, the claimant argued that only the driveway should be forfeited.  We held that the entire property (however defined) was subject to forfeiture even if only a portion thereof was used to facilitate a crime.

4

reasonably be considered part of the farm.[5]  If, however, the claimant owns two farms, the

Government may acquire only the farm on which marijuana was grown – even if the farms are

adjacent and were conveyed in a single deed.  Likewise, if the Government seeks forfeiture of

commercial real estate used as a front for drug distribution, it may acquire all of the land that can

reasonably be considered part of the front business.  Again, if the claimant owns two businesses,

and only one is used for criminal purposes, only that business is to be forfeited.  While deeds and

local land records will undoubtedly be probative evidence in this inquiry, they will not be

conclusive.

This test fits well with the conceptual underpinnings of forfeiture; the thing used in the

commission of the offense – for example, a farm or a business – is the thing that is surrendered

to the Government.  This test also fits well with common-sense notions of property – one speaks

of owning a "farm," a "house," a "business," and so forth; one does not speak in deed-like terms

of owning "the west 118 feet of the east 621 feet of Lot 56, except the west 61 feet of . . . ."  On

its face, a case-by-case test of this sort might appear to introduce too much ambiguity into the

law of forfeiture.  In the overwhelming majority of cases, however, the test should be simple to

apply.

---

[5] This assumes, of course, that seizure of the entire farm would be consistent with the provisions of the Eighth Amendment, as discussed in part III, infra.

This is one of those simple cases. The character of the land on which the cocaine sales took place is undisputedly residential. Lot 1 was part of the residence – namely, the front yard.[6] Lot 1 was therefore subject to forfeiture along with Lot 56.

III.

We now turn to Howerin's appeal. Howerin's first contention is that the forfeiture of his property constitutes an excessive fine in violation of the Eighth Amendment. To sustain his contention, he must demonstrate that the forfeiture is (1) a fine and (2) excessive. As to the first element, civil in rem forfeitures have traditionally been considered nonpunitive and thus not "fines" for Eighth Amendment purposes. See United States v. Bajakajian, – U.S. –, –, 118 S.Ct. 2028, 2035, 141 L.Ed.2d 314 (1998). The Supreme Court, however, has recently held that forfeiture under 21 U.S.C. § 881(a)(7) – the forfeiture statute involved in this case – constitutes a punitive fine and is therefore limited by the Eighth Amendment's Excessive Fines Clause.[7] See Austin v. United States, 509 U.S. 602, 622, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993).

Given that the forfeiture of Howerin's property constitutes a fine, the next question is whether the fine is excessive. A fine is excessive "if it is grossly disproportional to the gravity of a defendant's offense." Bajakajian, – U.S. at –, 118 S.Ct. at 2036. Translating the gravity of a

---

[6] The record in this case is sparse because of the district court's decision to preclude the Government from calling witnesses or introducing exhibits (based on the Government's pretrial stipulation in which it stated that it had no witnesses to call or exhibits to introduce). Nevertheless, the little evidence we have – a survey of the land and a deed – strongly suggests that Lot 1 was part of the residence. In the face of this evidence, Howerin has presented no evidence that would suggest that Lot 1 was put to anything other than a residential use.

[7] Our statement to the contrary in United States v. 3097 S.W. 111th Avenue, 921 F.2d 1551, 1557 (11th Cir. 1991), is therefore incorrect.

crime into monetary terms – such that it can be proportioned to the value of forfeited property –

is not a simple task. Fortunately for us, this task has already been performed by two very

competent bodies. The first is Congress, which, in enacting criminal laws, has specified the

maximum permissible fine for a given offense. Because Congress is a representative body, its

pronouncements regarding the appropriate range of fines for a crime represent the collective

opinion of the American people as to what is and is not excessive. Given that excessiveness is a

highly subjective judgment, the courts should be hesitant to substitute their opinion for that of

the people.[8] See id. at –, 118 S.Ct. at 2037 (stating that "judgments about the appropriate

punishment for an offense belong in the first instance to the legislature"). Consequently, if the

value of forfeited property is within the range of fines prescribed by Congress, a strong

presumption arises that the forfeiture is constitutional.[9]

---

[8] It is important to remember that the Excessive Fines Clause was drafted in an era in which the amount of a fine was determined solely by the judiciary; the Clause was thus intended as a limitation on courts, not legislatures. See Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 290, 109 S.Ct. 2909, 2928, 106 L.Ed.2d 219 (1989) (O'Connor, J., concurring in part and dissenting in part) (stating that in seventeenth-century England, the imposition of fines was solely a judicial function).

[9] We note that if a forfeiture action followed a criminal prosecution in which a fine had been imposed, the amount of the initial fine might have to be added to the value of the property forfeited to determine whether the forfeiture violated the Excessive Fines Clause. Cf. United States v. Littlefield, 821 F.2d 1365, 1368 (9th Cir. 1987) (instructing the district court to determine whether "forfeiture of the entire property on which drugs were cultivated together with other punishments imposed is not so disproportionate to the offense committed as to violate the Constitution" (emphasis added)). In this case, however, Howerin presented no evidence that a fine was imposed as part of his Florida sentence.

Relatedly, the fact that a forfeiture within the congressionally mandated range of fines is presumptively constitutional does not mean that a forfeiture outside of that range is presumptively unconstitutional. Congress has authorized both a fine and forfeiture as part of the punishment for many offenses, thus suggesting that it does not consider a punishment somewhat above the statutory fine range to be excessive. A forfeiture far in excess of the statutory fine range, however, is likely to violate the Excessive Fines Clause. See United States v. 18755 N.

7

The second body that has proportioned crimes to fines is the United States Sentencing Commission. The Commission is a judicial agency that, pursuant to 28 U.S.C. § 994(a) (1994), is authorized to promulgate guidelines for use by federal courts in sentencing persons convicted of a crime. Those guidelines are the product of extensive research, thought, input from commentators, and experience. See United States Sentencing Commission, Guidelines Manual, Ch.1, Pt.A (Nov. 1, 1990). They are designed to proportion punishments to crimes with even greater precision than criminal legislation. See Bajakajian, – U.S. at –, 118 S.Ct. at 2044 (Kennedy, J., dissenting) (noting that the purpose of the sentencing guidelines "is to select punishments with precise proportion"). Therefore, although we retain a duty under the Eighth Amendment independently to examine fines for excessiveness, a defendant would need to present a very compelling argument to persuade us to substitute our judgment for that of the United States Sentencing Commission. Thus, in a forfeiture action, if the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive. See United States v. 427 & 429 Hall St., 74 F.3d 1165, 1172-73 (11th Cir. 1996) (holding that forfeiture of property valued at $65,000 was not excessive where the maximum fine under the sentencing guidelines was $40,000); see also Bajakajian, – U.S. at –, 118 S.Ct. at 2038 & n.14 (holding that forfeiture of $357,144 in currency was excessive where the maximum statutory fine was $250,000 and the maximum fine under the sentencing guidelines was $5,000).

---

Bay Rd., 13 F.3d 1493, 1498-99 & n.6 (11th Cir. 1994) (holding that forfeiture of property valued at $150,000 was excessive where the maximum statutory fine was $20,000)

8

In this case, Howerin was convicted on the basis of four sales of cocaine totaling about

sixty grams, which under federal law is a violation of 21 U.S.C. § 841 (1994). The maximum

statutory fine for the offenses was $1,000,000 – well in excess of the $70,000 value of Howerin's

property. See 21 U.S.C. § 841(b)(1)(C). Turning to the sentencing guidelines, under the

guidelines in effect in 1991, Howerin's conduct would be a level sixteen offense.[10] See U.S.S.G.

§ 2D1.1(c)(14). In most cases, the maximum fine that could be imposed for level sixteen

offenses was $50,000. See U.S.S.G. § 5E1.2(c)(2)-(3). Looking solely at this fact, we could

conclude that the forfeiture of property valued at approximately $70,000 was not grossly

disproportionate to Howerin's offense. The sentencing guidelines, however, go further and state

that where a statute authorizes a maximum fine of greater than $250,000, the maximum fine

imposed by the guidelines does not apply and the statutory maximum applies instead. See

U.S.S.G. § 5E1.2(c)(4). Thus, the sentencing guidelines and the statute agree that a fine of up to

$1,000,000 would be proportional to Howerin's crimes; consequently, the forfeiture of a $70,000

property based on those crimes does not violate the Eighth Amendment.[11]

Howerin argues that we should take into account the fact that forfeiture of the property

would impose a special hardship on him because the property to be forfeited is his personal

---

[10] Howerin, in his deposition in this case, admitted to numerous cocaine sales other than those charged in the Florida indictment. Consequently, had he been convicted in federal court, his offense level may well have been higher than 16. See U.S.S.G. § 2D1.1(c), comment. (n.12); United States v. Alston, 895 F.2d 1362, 1371-72 (11th Cir. 1990).

[11] Howerin argues that the district court erred in granting summary judgment because there was a genuine issue of material fact regarding the value of the property. Specifically, Howerin argues that the property was in fact worth $110,000, in contrast to the $70,000 figure used by the district court. Based on the analysis above, we hold that the forfeiture would not constitute an excessive fine even if the property was worth $110,000, and thus Howerin has not raised an issue of material fact that would preclude summary judgment.

9

residence, and he would be unable to purchase another residence because of a lack of other assets and a permanent disability that prevents him from obtaining employment. In essence, Howerin's argument is that, even if the forfeiture is not per se excessive, it is excessive as applied to him. The Supreme Court, however, has made clear that whether a forfeiture is "excessive" is determined by comparing the amount of the forfeiture to the gravity of the offense, see Bajakajian, – U.S. at –, 118 S.Ct. at 2036, and not by comparing the amount of the forfeiture to the amount of the owner's assets. In other words, excessiveness is determined in relation to the characteristics of the offense, not in relation to the characteristics of the offender.[12]

In addition to his Eighth Amendment argument, Howerin also argues that the forfeiture action violated the Double Jeopardy Clause of the Fifth Amendment because of his previous trial for the drug offenses in state court. The Fifth Amendment, however, does not bar two prosecutions for the same conduct by separate sovereigns – in this case, the State of Florida and the United States.[13] See Heath v. Alabama, 474 U.S. 82, 88-89, 106 S.Ct. 433, 437-38, 88

---

[12] The characteristics of the offender are of course a legitimate and important part of a district court's determination of an appropriate fine. See U.S.S.G. § 5E1.2(d)(2)-(3). In the context of forfeiture, 19 U.S.C. § 1618 (1994) authorizes remission or mitigation of forfeitures whenever there are "mitigating circumstances," including hardship to the claimant. See United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995); see also Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 689 n.27, 94 S.Ct. 2080, 2095 n. 27, 40 L.Ed.2d 452 (1974) (noting that 19 U.S.C. § 1618 applies to civil forfeitures under 21 U.S.C. § 881). Such hardship merely is not part of an inquiry under the Excessive Fines Clause.

[13] Howerin invokes the "tool" exception to the dual sovereigns rule: Where one sovereign is acting as the tool of another, a double jeopardy claim may be available despite the fact that the second prosecution is nominally being conducted by a separate sovereign. See Bartkus v. Illinois, 359 U.S. 121, 123-24, 79 S.Ct. 676, 678, 3 L.Ed.2d 684 (1959). We have repeatedly refused to decide whether such an exception actually exists. See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1361 (11th Cir. 1994). We continue this tradition of nondecision here, because (1) Howerin did not present the "tool" argument in the district court, see Dudley v. Wal-Mart Stores, Inc., 166 F.3d 1317, 1323 n.9 (11th Cir. 1999), and (2) Howerin has presented no

10

L.Ed.2d 387 (1985).  Furthermore, despite holding that civil forfeitures can be punitive for

Eighth Amendment purposes, the Supreme Court continues to hold to the view that civil <u>in rem</u>

forfeiture actions are nonpunitive for Fifth Amendment purposes; therefore, a forfeiture action

cannot serve as the basis for a claim under the Double Jeopardy Clause.  <u>See</u> <u>United States v.</u>

<u>Ursery</u>, 518 U.S. 267, 287, 116 S.Ct. 2135, 2147, 135 L.Ed.2d 549 (1996); <u>see also</u> <u>Bajakajian</u>, –

U.S. –, –, 118 S.Ct. at 2035 (reaffirming <u>Ursery</u>).  Consequently, Howerin's Fifth Amendment

claim fails.[14]


IV.

For the foregoing reasons, the district court's order granting partial summary judgment

for the United States is AFFIRMED, and its final judgment for Howerin is VACATED.  The

case is REMANDED for further proceedings consistent with this opinion.

SO ORDERED.

---

evidence that would support the argument.

[14] Howerin raises two other challenges to the forfeiture, both of which we can dispose of summarily.  One is that the forfeiture of his home violates the Homestead Provision of the Florida Constitution.  <u>See</u> Fla. Const. art. X, § 4(a)(1).  Federal forfeiture law, however, preempts state law.  <u>See</u> U.S. Const. art. VI (Supremacy Clause); <u>United States v. 3262 SW 141 Ave.</u>, 33 F.3d 1299, 1301 n.6 (11th Cir. 1994).  Howerin also alleges that he was harmed by ineffective assistance of counsel in the district court.  Because there is no right to counsel in a civil proceeding, however, Howerin's only remedy for the alleged incompetence of his attorney is a suit for malpractice.  <u>See</u> <u>Mekdeci ex rel. Mekdeci v. Merrell Nat'l Lab.</u>, 711 F.2d 1510, 1522-23 (11th Cir. 1983).