**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**$180,893.00 U.S. CURRENCY,**
**Defendant,**

**Steven N. Warden, Claimant—**
**Appellant.**

**No. 00–57132.**

**D.C. No. CV–99–8534–MMM.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2002 *.

Decided April 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before KOZINSKI and GOULD, Circuit Judges, and CEBULL, District Judge.**

MEMORANDUM ***

Appellant Steven Warden appeals the district court's grant of the Government's Rule 56 motion for summary judgment in the underlying forfeiture action. Warden argues that the district court erred in granting summary judgment for the government because the forfeiture constituted an excessive fine in violation of the Eighth Amendment to the United States Constitution.

The Excessive Fines Clause of the Eighth Amendment functions to limit the power of the government to extract payments, whether in cash or in kind, as punishment for an offense. *Austin v. United States,* 509 U.S. 602, 610, 113 S.Ct. 2801, 2805, 125 L.Ed.2d 488 (1993). To implicate the Excessive Fines Clause, the government action must constitute punishment. *Id.* Forfeiture generally and statu-tory *in rem* forfeiture in particular, have historically been understood, at least part-ly, as punishment. *Id.* at 618, 113 S.Ct. 2801. The forfeiture action in this case was brought pursuant to 21 U.S.C. § 881(a)(7). The Court in *Austin* examined whether or not forfeiture under this statute was punitive in nature. The United States Supreme Court held in pertinent part:

> In light of the historical understanding of forfeiture as punishment, the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress understood those provisions as serving to deter and to punish, we cannot conclude that forfeiture under §§ 881(a)(4) and (a)(7) serves solely a remedial purpose. We therefore conclude that forfeiture under these provisions constitutes payment to a sovereign as punishment for some offense, and as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause.

*Id.* at 622, 113 S.Ct. 2801. (citations and internal quotations omitted)

Likewise in this case, the forfeiture under § 881(a)(7) is punitive in nature, and it is subject to the limitations of the Eighth Amendment's Excessive Fines Clause. Because this forfeiture is subject to the limits of the Excessive Fines Clause, the appropriate inquiry is whether the forfeiture is grossly disproportional to "...the gravity of the defendant's conduct." *See United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).

Warden argues that forfeiture of the entire substitute *res* of $180,893.00 is

---

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

so disproportionate as to constitute an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the Constitution. When examining the proportionality of a forfeiture the courts examine several factors. These factors include the following: whether the violation was related to other illegal activities; what other penalties may be imposed as a result of the illegal activity; the extent of the harm caused; the culpability of the claimant; and the class of persons for whom the forfeiture statute was principally designed. *Bajakajian*, 524 U.S. at 337–40, 118 S.Ct. 2028; *United States v. 3814 NW Thurman St., Portland, Or., a Tract of Real Prop.*, 164 F.3d 1191, 1197–98 (9th Cir.1999).. Following is a discussion of each of the factors.

### A. Other Related Illegal Activities

Prior to his arrest in April of 1999, Warden had no record of arrests or convictions. The record is devoid of any other related illegal activities conducted by Warden. It was also stipulated by the government and Warden that it was not reasonably foreseeable to Warden that Wellen and another coconspirator were storing at Warden's property marijuana that was grown at another site. With apparently no other related illegal activities, this factor does not support forfeiture.

### B. Other Penalties Imposed

The maximum penalties under the Sentencing Guidelines are relevant when considering the gravity of the offense. *Bajakajian*, 524 U.S. at 338–339, 118 S.Ct. 2028. Another relevant factor is the penalties that have been authorized by the Legislature. *Id.* at 339 n. 14, 118 S.Ct. 2028. Warden was prosecuted for violations of 21 U.S.C. §§ 841(b)(1)(B) and 846.

These statutes provide for a maximum penalty of 40 years imprisonment and a $2,000,000.00 fine.[1] Because Warden was convicted under a statute that authorized a fine of more than $250,000, the district court had the authority to impose a fine of up to $2,000,000 under the sentencing guidelines. *See* U.S.S.G § 5E1.2(c)(4).

If the value of the forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional. *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir.1999).

Even though the statutory fine is a consideration, the Supreme Court has indicated that when considering the gravity of the offense, the fines authorized by the Guidelines should weigh heavier than statutory fines, as the Guidelines are more particularized. *Bajakajian*, 524 U.S. at 337, 118 S.Ct. 2028.

In this case the statutory maximum fine amount is $2,000,000.00. Under the Sentencing Guidelines, the maximum fine a court is authorized to levy is $2,000,000.00. It is important to note that the Supreme Court in *Bajakajian* discussed the fines authorized by the Guidelines. With both the statutes and the sentencing guidelines authorizing fines of up to $2,000,000.00, this factor weighs in favor of forfeiture of the entire substitute *res*.

This is especially true when considering the comments to the sentencing guideline 5E1.2(c)(4). The comment states in pertinent part:

The Commission envisions that for most defendants, the maximum of the guideline fine range from subsection (c) will

---

1. Warden faced these penalties under 21 U.S.C. § 841(b)(1)(B)(vii) because he harvest-ed approximately 520 plants.

be at least twice the amount of gain or loss resulting from the offense. Where, however, two times either the amount of gain to the defendant or the amount of loss caused by the offense exceeds the maximum of the fine guideline, an upward departure from the fine guideline may be warranted.

U.S.S.G § 5E1.2, cmt. n. 4.

The district court correctly pointed out that in this case Warden received roughly $90,000.00 for his participation in the marijuana harvest operation, and that the amount of the substitute *res* is $180,893.00, almost exactly twice the amount of Warden's profits.

Considering that the forfeiture of the entire substitute *res* falls within the limits authorized by the statute as well as the guidelines, and the fact that this fine would fit squarely with the Sentencing Commission's intent when they drafted U.S.S.G § 5E1.2(c)(4), this factor supports forfeiture of the entire substitute *res*.

C. Harm Caused

The next factor is the harm caused by the defendant's criminal actions. *Thurman*, 164 F.3d at 1198. During the course of the growing operation at the property 520 marijuana plants were grown. Warden stipulated to assisting in the growing and harvesting of 520 plants worth roughly $456,000.00 during the period of the conspiracy. These facts are sufficient to support the government's argument that there was significant harm caused by Warden's participation in the growing and harvesting of 52 kilos of marijuana destined for sale on the street. It is an established fact that drug abuse creates a threat to public health and welfare. Given these facts and circumstances, this factor weighs heavily in favor of forfeiture.

D. Culpability of the Claimant

The district court correctly analyzed this factor by taking into account the reduction of the offense level pursuant to Warden's post-arrest cooperation with the government, but noting that these reductions tend to mislead the reader as to a defendant's actual criminal culpability. Thus, Warden's culpability in this marijuana growing scheme is more appropriately analyzed using the facts of the case.

Warden allowed his home to be used for an elaborate marijuana growing operation. He actively participated in the cultivation of these drugs. This growing operation yielded 520 plants worth a value of $456,000, which were distributed, or were intended to be distributed, to the general public. Warden received a total of $90,000 for his efforts in this endeavor. These facts lead to a conclusion that Warden was highly culpable in this operation. This factor weighs in favor of forfeiture of the property.

E. Class of People for Whom the Forfeiture Statute Was Principally Designed

This forfeiture action was brought pursuant to 21 U.S.C. § 881(a)(7). This statute provides for the forfeiture of real property used to facilitate the manufacture of illegal drugs. Marijuana is an illegal drug, and it was grown and harvested on Warden's property. The use of the property facilitated the growing and harvesting process. As such, the property is subject to forfeiture under this statute and Warden falls directly into the class of people for whom this statute was designed. This factor also weighs in favor of forfeiture.

The majority of the factors listed above weigh in favor of forfeiture. Accordingly, the district court did not err when it determined that the fine was not grossly disproportional to the defendant's conduct.

AFFIRMED.