[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10658

_____

D. C. Docket No. 06-60573-CV-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIFTY NINE THOUSAND DOLLARS ($59,000.00),
in United States Currency,

Defendant-Appellant,

PEDRO MARIANO ZAPETA,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2008)

Before ANDERSON, HULL and SILER,[*] Circuit Judges.

HULL, Circuit Judge:

In this forfeiture appeal, the Claimant Pedro Mariano Zapeta ("Claimant") challenges the district court's final order granting the government's motion for summary judgment and directing that Claimant forfeit $49,000 of the $59,000 in currency that Claimant failed to report he had with him as he was leaving the United States on a flight to Guatemala. After review and oral argument, we conclude that the district court applied an incorrect standard in determining the amount to be forfeited, and thus we vacate the order and remand for a re-determination of the forfeiture amount.

## I. DISTRICT COURT PROCEEDING

The underlying basis of the forfeiture in this action is 31 U.S.C. § 5316(a)(1)(A), which requires a person to file a report when knowingly transporting more than $10,000 in currency from the United States to anywhere outside the United States. The government commenced a civil forfeiture action against the money, pursuant to 31 U.S.C. § 5317(c)(2).

At an evidentiary hearing on January 26, 2007, the government contended that the entire amount should be forfeited because the criminal fine for failing to

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

file a currency report, in violation of 31 U.S.C. § 5316(a)(1)(A), has a statutory maximum of $250,000. See 31 U.S.C. § 5322(a) (establishing a maximum criminal penalty of five years in prison and a $250,000 fine for § 5316 violations). The government argued that because the maximum criminal fine was $250,000, the civil forfeiture of $59,000 was not an excessive fine, citing United States v. Bajakajian, 524 U.S. 321, 118 S. Ct. 2028 (1998), and United States v. 817 N.E. 29th Drive, Wilton Manors, Florida, 175 F.3d 1304 (11th Cir. 1999).

The government did not put forth any evidence that the currency was narcotics proceeds or laundered money. The only evidence of the source of the funds was Claimant's deposition testimony that he saved the money over a nine-year period while working in the United States, and Claimant's pay stubs. The government, however, did contend that Claimant had not paid any taxes on his wages.

In response, Claimant stressed that his pay stubs showed that taxes had been deducted from his wages and, if anything, Claimant had overpaid his taxes. Claimant further argued that in this civil forfeiture action, the district court must consider (1) that the criminal statute at issue had a specific intent element and Claimant had not been arrested for or charged with any crime; and (2) that, even if Claimant were to be prosecuted for a § 5316 violation, the advisory sentencing

3

guidelines range for a § 5316 currency reporting violation by Claimant, with no criminal history, would be 0 to 6 months' imprisonment and a fine range of $500 to $5,000.

At the evidentiary hearing, the district court stated that it understood the government's position to be that the determination of "whether the forfeiture of the entire fifty-nine thousand dollars is excessive or not, would relate to the statutory maximum of two hundred and fifty thousand dollars?" The government responded, "Correct." The government added that the Supreme Court "didn't say anything in Bajakajian about going into guidelines, an advisory area."

In its January 29, 2007 order, the district court rejected the government's argument that the court should view Claimant as having committed the crime of tax evasion. The district court pointed out that some taxes were in fact paid. As to Claimant's not being arrested for a § 5316 currency reporting crime, the district court noted that the government retains the discretion to decide whether to prosecute a currency reporting violation by criminal or civil means. The district court concluded that the government could still seek complete forfeiture of the $59,000 even though it elected to proceed only through civil means.

Ultimately, the district court determined that $49,000 of the $59,000 in unreported currency should be forfeited. In doing so, it relied heavily, as the

4

government requested, on the statutory maximum fine being $250,000. Claimant timely appealed.[1]

## II. DISCUSSION

On appeal, Claimant argues that the district court erred because the $49,000 forfeiture is unconstitutionally excessive, in violation of the Excessive Fines Clause of the Eighth Amendment. Claimant stresses that the advisory guidelines range is $500 to $5,000, see U.S.S.G. §§ 2S1.3(b)(3), 5E1.2(c)(3); that $49,000 is nearly ten times the maximum guidelines-advised fine of $5,000; that Claimant's crime, at most, is a reporting offense under 31 U.S.C. § 5316;[2] and that the $49,000 forfeiture is grossly disproportional to the gravity of Claimant's criminal offense.

The government responds, as it did in the district court, that the forfeiture was not excessive because it was well below the applicable statutory maximum fine of $250,000 for a § 5316 violation. It contends that the district court should have imposed forfeiture on the entire $59,000, and states that the district court gave Claimant a windfall when it ordered that $10,000 be returned to him. Finally, the government argues that the forfeiture was not unconstitutional in light of the fact

---

[1]We review de novo the district court's proportionality determination under the Excessive Fines Clause. Bajakajian, 524 U.S. at 336 & n.10, 118 S. Ct. at 2037 & n.10.

[2]Claimant emphasizes that there is no law against his taking cash out of the United States, and it was legal for him to take the money out of the United States so long as he completed the currency report.

that Claimant initially made inconsistent statements with regard to ownership of the money.

After review and oral argument, we do not reach the excessive fines constitutional issue because the district court in the first instance did not follow the proper standard in determining what amount should be forfeited in this case. First, the district court mistakenly concluded that "where the statute authorizes a maximum fine of greater than $25,000, the criminal Sentencing Guidelines maximum does not apply and the statutory maximum applies instead." This is not the law. Instead, the sentencing guidelines maximum fine amount applies unless "the defendant is convicted under a statute authorizing . . . a maximum fine greater than $250,000." U.S.S.G. § 5E1.2(c)(4) (emphasis added).

Even if the district court's reference to $25,000 is a typographical error and the court meant $250,000, the relevant statute, 31 U.S.C. § 5322, does not authorize a fine "greater than" $250,000 but only up to a maximum of $250,000. Thus, in any event, the district court erred in concluding that the sentencing guidelines fine range did not apply to § 5316 violations.

Second, although the district court made a passing reference to the sentencing guidelines range in its order, the district court nonetheless failed to follow the guidance from Bajakajian and Wilton Manors as to the role of the

sentencing guidelines fine range in determining the proper forfeiture amount. As discussed below, the Supreme Court has considered the guideline range for the particular defendant to be relevant to the excessiveness inquiry, and arguably even more important in that regard than the statutory maximum.

In Bajakajian, the Supreme Court held that a criminal forfeiture of $357,144 for a violation of the same currency reporting statute that Claimant violated, 31 U.S.C. § 5316, was unconstitutionally excessive. 524 U.S. at 325, 337, 118 S. Ct. at 2032, 2038. The Supreme Court based this holding on several factors: (1) Bajakajian's offense was just a reporting offense; he deprived the government of information, but it was perfectly legal to transport the currency out of the country so long as one reported it; (2) the violation was unrelated to any other illegal activities, because the money was legally obtained and was to be used to repay a lawful debt; (3) Bajakajian did not fit into the classes of persons for whom the statute was principally designed (i.e., money launderers, drug traffickers, and tax evaders); (4) under the sentencing guidelines, the maximum sentence that could have been imposed on Bajakajian was six months' imprisonment and a $5,000 fine, confirming a "minimal level of culpability"; and (5) the harm Bajakajian caused (loss of information that $357,144 was leaving the country) was minimal. Id. at 337-39, 118 S. Ct. at 2038-39. The Supreme Court then held:

Comparing the gravity of respondent's crime with the $357,144 forfeiture the Government seeks, we conclude that such a forfeiture would be grossly disproportional to the gravity of his offense. It is larger than the $5,000 fine imposed by the District Court by many orders of magnitude, and it bears no articulable correlation to any injury suffered by the Government.

Id. at 340, 118 S. Ct. at 2039.

Notably, the Supreme Court's analysis of the § 5316 currency-report violation also included the following:

In considering an offense's gravity, the other penalties that the Legislature has authorized are certainly relevant evidence. Here, as the Government and the dissent stress, Congress authorized a maximum fine of $250,000 plus five years' imprisonment for willfully violating the statutory reporting requirement, and this suggests that it did not view the reporting offense as a trivial one. That the maximum fine and Guideline sentence to which respondent was subject were but a fraction of the penalties authorized, however, undercuts any argument based solely on the statute, because they show that respondent's culpability relative to other potential violators of the reporting provision–tax evaders, drug kingpins, or money launderers, for example–is small indeed.

Id. at 339 n.14, 118 S. Ct. at 2038 n.14. Thus, the Supreme Court considered the sentencing guidelines range for the particular defendant an important factor in the excessiveness analysis, and arguably even more important than the statutory maximum, although both were relevant.

After Bajakajian, this Court considered the excessive fines issue in Wilton Manors, 175 F.3d at 1304. This Court stated that "two very competent

8

bodies"–Congress and the United States Sentencing Commission–have performed the task of "[t]ranslating the gravity of a crime into monetary terms . . . such that it can be proportioned to the value of forfeited property." Id. at 1309. Because congressional judgments about the appropriateness of a fine should be accorded deference, the Court held, "if the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional." Id.

Moreover, this Court in Wilton Manors stressed that because the sentencing guidelines are the product of extensive research and expertise and "are designed to proportion punishments to crimes with even greater precision than criminal legislation," they also hold sway, such that "a defendant would need to present a very compelling argument to persuade us to substitute our judgment for that of the United States Sentencing Commission." Id. at 1310. Thus, this Court concluded that "in a forfeiture action, if the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive." Id. The Wilton Manors Court did not address under what circumstances the "strong presumption" of constitutionality established by the statutory maximum could be overcome, or what the appropriate analysis should be if the amount sought to be forfeited was significantly greater than the high end

9

of the advisory sentencing guidelines range but still inside the statutory maximum.

That is the situation in the present case. The statutory maximum for a violation of the currency reporting statute is $250,000. See 31 U.S.C. § 5322(a). But the advisory sentencing guidelines recommendation would be 0 to 6 months in prison and a $500 to $5,000 fine for Claimant's violation of § 5316. The district court's order that $49,000 be forfeited is well within the $250,000 statutory maximum but nearly ten times the maximum suggested by the sentencing guidelines. The question, then, becomes whether the presumption of constitutionality is overcome under the facts of this case.

We need not decide this issue because it is clear that the district court did not give any weight to the fact that Claimant's sentencing guidelines range was only $500 to $5,000. In fact, the government led the district court down the wrong path by arguing that the statutory maximum was the touchstone. Accordingly, we vacate the district court's order of forfeiture dated January 29, 2007 and remand for a re-determination of the forfeiture amount by the district court. Nothing herein shall imply what that forfeiture amount should be. Rather, we say only that the district court followed an improper standard in its analysis.

**REVERSED AND REMANDED.**