United States v. Jiau

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fifteen.

PRESENT:   GERARD E. LYNCH,
                     SUSAN L. CARNEY,
                              *Circuit Judges*,
                     VICTOR A. BOLDEN,
                              *District Judge*.*

_____

UNITED STATES OF AMERICA,
                              *Appellee*,

                     v.                                                    No.    14-2360

WINIFRED JIAU, also known as Wini,
also known as Sealed Defendant 1,
                              *Defendant-Appellant,*

DONALD LONGUEUIL, STANLEY NG,
SON NGOC NGUYEN, also known as Sonny,
                              *Defendants*.

_____

**FOR APPELLANT:**              RANDA MAHER, Law Offices of Randa Maher, Great Neck, NY.

**FOR APPELLEE:**              KARL METZNER, Assistant United States Attorney (Richard Cooper, Assistant United States Attorney, *on*

---

* The Honorable Victor A. Bolden, of the United States District Court of Connecticut, sitting by designation.

*the brief*),  *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Winifred Jiau appeals from an order of forfeiture in the amount of $814,736 imposed following her conviction on one count of conspiracy to commit securities fraud and wire fraud, 18 U.S.C. § 371, and one count of securities fraud,  15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. 240.10b-5, and 18 U.S.C. § 2.  Jiau argues that the district court erred by including in the forfeiture amount $811,536 in profits realized by her co-conspirators, that the evidence was insufficient to show that $693,300 of those profits resulted from her insider information, and that the forfeiture order violates the Eighth Amendment's Excessive Fines Clause.  We assume the parties' familiarity with the facts and procedural history.

1.      Forfeiture Amount

A court may order a defendant convicted of securities fraud to forfeit "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to [the] violation."  18 U.S.C. § 981(a)(1)(C).  Jiau notes that that amount "is usually based on the defendant's actual gain," United States v. Contorinis, 692 F.3d 136, 146 (2d Cir. 2012), and argues that she may be ordered to forfeit only the $7,836 that she personally received

2

from the insider trading scheme. But the "general rule" that forfeiture is limited to a defendant's actual gain "is somewhat modified by the principle that a court may order a defendant to forfeit proceeds received by others who participated jointly in the crime, provided the actions generating those proceeds were reasonably foreseeable to the defendant." Id. at 147. Jiau offers no reason to doubt that her co-conspirators' profits were reasonably foreseeable to her – indeed, generating such profit was the entire purpose of her criminal conduct. Instead, she contends that those profits were not "acquired jointly by [her and her co-conspirators] and distributed according to a joint decision," id. at 147 (internal quotation marks omitted), because she at no time controlled those proceeds and merely "received nominal gifts," Jiau Br. 15. But there is no requirement that an individual defendant take actual control of the illicit proceeds, because "the property [need only] have, at some point, been under defendant's control *or the control of his co-conspirators* in order to be considered 'acquired' by him." Contorinis, 692 F.3d at 147 (emphasis added). By providing inside information so that her co-conspirators could trade on it, Jiau was clearly a concerted actor in those illegal trades, and may be ordered to forfeit the profits generated thereby.

> 2. Sufficiency of the Evidence

We review for clear error a district court's factual findings undergirding an order of forfeiture. United States v. Gaskin, 364 F.3d 438, 462 (2d Cir. 2004). While the amount of gain must be established by a preponderance of the evidence, the court need only make "a reasonable estimate of the [amount], given the available information."

3

United States v. Vilar, 729 F.3d 62, 95-96 (2d Cir. 2013) (internal quotation marks omitted).

Jiau contends that the evidence was insufficient to show that her inside information caused certain of her co-conspirators' trades because there was no direct evidence of why they made the trades, they had other potential sources of the inside information, and there was inadequate time between Jiau's conveying the inside information and the execution of the trades. Contrary to Jiau's arguments, abundant evidence supports the district court's finding, including a temporal connection between the tip and the trades, incriminating phone recordings, and a co-conspirator's expressions of gratitude to Jiau after the trades were placed. Indeed, we previously rejected this same argument in affirming Jiau's conviction. See United States v. Jiau, 734 F.3d 147, 153-54 (2d Cir. 2013).

3.    Excessive Fines Clause

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." United States v. Bajakajian, 524 U.S. 321, 334 (1998). In examining the proportionality of a forfeiture amount to an offense, we consider: "(1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct." United

4

States v. Castello, 611 F.3d 116, 120 (2d Cir. 2010) (alterations omitted).

Jiau argues that the forfeiture amount is unconstitutionally excessive because it is "more than 100 times greater than [her] actual gains." Jiau Br. 17. But as explained above, the district court properly considered not only Jiau's gains, but also the reasonably foreseeable gains of her co-conspirators. Viewed in this light, the amount of the forfeiture is directly proportional to Jiau's offense and reflects the harm that her conduct caused to other investors. Moreover, Jiau's offense was subject to a maximum of 25 years imprisonment and fines of up to $5.25 million – several times the amount of the challenged forfeiture. That fact is "particularly relevant" because "judgments about the appropriate punishment for an offense belong in the first instance to the legislature." Bajakajian, 524 U.S. 321 at 336; see also United States v. Varrone, 554 F.3d 327, 332 (2d Cir. 2009) (relying on proposition that "if the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional," quoting United States v. 817 N.E. 29th Drive, Wilton Manors, Fla., 175 F.3d 1304, 1309 (11th Cir. 1999)).

To the extent that Jiau argues that the district court failed to explain adequately its rejection of her Eighth Amendment claim, see Varrone, 554 F.3d at 331 (holding that, in that case, the district court should have made explicit findings concerning the Bajakajian factors), any short shrift was understandable given the cursory nature of Jiau's argument below. Jiau referenced the Excessive Fines Clause only in a two-sentence footnote and did not cite the factors for determining proportionality, let alone explain how they

5

supported her position.  In any event, a remand would not be warranted because the forfeiture amount in this case enjoys a "presumption" of constitutionality, Varrone, 554 F.3d at 332, and the amount is clearly not disproportionate in light of the relevant factors, see Castello, 611 F.3d at 120.

We have considered Jiau's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court