[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13060

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRE CROOKS,
a.k.a. Bighorndodge,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80171-KAM-1

_____

Before NEWSOM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Andre Crooks appeals following his conviction for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, challenging the district court's order of forfeiture of his residence.  According to his factual proffer, Crooks used the "dark web" -- a collection of encrypted digital networks -- to distribute 5 kilograms or more of powder cocaine and 280 grams or more of crack cocaine from December 2020 through October 15, 2021, and in the plea agreement, Crooks agreed that his penalties included of maximum fine of $10 million.  On appeal, Crooks argues that the district court erred in ordering forfeiture of his residence because it was not used to facilitate the crime and its forfeiture was overly punitive.  After thorough review, we affirm.

## I.

We review *de novo* the district court's legal conclusions concerning forfeiture and review for clear error its findings of fact. *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003).  We also review *de novo* whether a forfeiture order would constitute an excessive fine in violation of the Eighth Amendment.  *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998).

Any person convicted of a felony drug offense under Title 21 of the United States Code shall forfeit to the United States "any of the person's property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of" the offense. 21 U.S.C. § 853(a)(2). The statute also provides that it is to be "liberally construed to effectuate its remedial purposes." *Id.* § 853(o). A property facilitates commission of the crime when it "makes the prohibited conduct less difficult or more or less free from obstruction or hindrance." *Puche*, 350 F.3d at 1153 (quotations omitted). The government must prove by a preponderance of the evidence that the property was used to facilitate the commission of the offense. *United States v. Dicter*, 198 F.3d 1284, 1289–90 (11th Cir. 1999).

A forfeiture order is unconstitutionally excessive if it is grossly disproportional to the gravity of the defendant's offense. *Bajakajian*, 524 U.S. at 337. In *Bajakajian*, the Supreme Court set forth three factors to consider in making that determination: (1) whether the defendant is in the class of persons for whom the criminal statute was principally designed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant. *See id.* at 337–39. In looking at other penalties, we compare the value of the forfeited property to the maximum fine. *See United States v. Browne*, 505 F.3d 1229, 1282 (11th Cir. 2007). A strong presumption that a forfeiture is constitutional arises where the value of the forfeited property is within the range of fines prescribed by Congress. *United States v. Seher*, 562 F.3d 1344, 1371 (11th Cir. 2009). The impact a forfeiture order would have on a defendant is not considered. *Id.*

Here, the district court did not err in finding that Crooks's residence was subject to forfeiture because he used the residence to facilitate the commission of the offense. 21 U.S.C. § 853(a)(2). As the record reflects, Crooks's residence provided a place for him to house his computer equipment, drugs, scales, a device for making crack cocaine, and ready-to-mail packages of cocaine and crack cocaine. *Puche*, 350 F.3d at 1153. Indeed, the residence is subject to forfeiture -- regardless of *when* Crooks bought it -- so long as it was used to facilitate the commission of the offense, as it was in this case. 21 U.S.C. § 853(a)(2); *Puche*, 350 F.3d at 1153. And despite Crooks's claim that "his home was not a designated or necessary part of the drug trafficking offense," the drug trafficking forfeiture statute at issue -- 21 U.S.C. § 853(a)(2) -- covers property used "*in any manner*" to facilitate the offense. *Id*. § 853(a)(2) (emphasis added). The statue further provides that it is to be "liberally construed to effectuate its remedial purposes." *Id*. § 853(o).

Moreover, the district court did not err in finding that forfeiture of Crooks's home was not overly punitive because the factors weigh in favor of forfeiture. *Bajakajian*, 524 U.S. at 337. For starters, Crooks was in the class of persons for whom the drug trafficking statute was designed because he had conspired to traffic drugs by selling and distributing drugs to people through the dark web. *Id*. at 337–39. In addition, the value of the house did not exceed the maximum fine because the maximum fine was $10 million and neither Crooks nor the government alleged that the house was valued higher than that. *See Browne*, 505 F.3d at 1282. Finally, Crooks caused harm by selling and distributing 5 kilograms or more of

22-13060               Opinion of the Court                    5

powder cocaine and 280 grams or more of crack cocaine to more than 1,500 customers. *Bajakajian*, 524 U.S. at 337–39.

While Crooks argues that the forfeiture of his residence was overly punitive when considering the value of the *other* property that he forfeited, he failed to show that the value of the forfeited property would exceed his maximum fine. *Seher*, 562 F.3d at 1371. The fact that he lived in the home with his children and that he bought the home prior to the offense conduct is immaterial because, as we've noted, "[w]e do not take into account the impact the [order] would have on an individual defendant." *Id*.

**AFFIRMED.**

22-13060                  Newsom, J., Concurring                  1

NEWSOM, Circuit Judge, concurring:

I concur in the majority opinion, which correctly applies existing precedent.  Speaking only for myself, though, I continue to believe that we took a wrong turn when we held that the constitutional excessiveness of a fine or forfeiture should be determined solely "in relation to the characteristics of the offense, not in relation to the characteristics of the offender." *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1311 (11th Cir. 1999).  I have explained myself elsewhere and won't rehash my position here.  *See Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1317–24 (11th Cir. 2021) (Newsom, J., concurring).